IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2246 |
| | § | |
| GIVA, LLC, et. al, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff Branch Banking & Trust Co.'s Motion for Summary Judgment (Docs. 25 & 26).[1] The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Plaintiff's motion.

## I. Case Background

Plaintiff filed this action alleging that Defendants defaulted on two promissory notes and breached guaranty agreements related to those promissory notes.

### A. Procedural Background

On July 21, 2017, Plaintiff filed its Original Complaint against Defendants: (1) Giva, LLC ("Giva"); (2) Emedik, LLC ("Emedik"); (3) EHealth Medical Billing, LLC ("EHMB"); (4) EHealth Management, LLC ("EHMGMT"); (5) Holistic Physical Therapy, LLC

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 23, Ord. Dated Dec. 1, 2017.

("HPT"); (6) Blandina Sison ("Sison"); (7) Gisela Siton ("Siton").² On September 11, 2017, Sison filed her Original Answer asserting a general denial pursuant to the Federal Rules of Civil Procedure.³ On October 4, 2017, Giva, Emedik, EHMB, EHMGMT, HPT, and Siton, filed their Verified Original Answer asserting affirmative defenses and a general denial pursuant to the Texas Rules of Civil Procedure.⁴ On May 1, 2018, Plaintiff filed its Motion for Summary Judgment.⁵ None of the Defendants have responded to Plaintiff's Motion for Summary Judgment.

**B. Factual Background**

On October 31, 2013, Giva entered into an agreement with Plaintiff and received a loan of $84,000 (the "$84K Loan").⁶ Through Siton, Giva signed a promissory note memorializing the agreement.⁷ On the same day, Sison executed a guaranty agreement with Plaintiff for the $84K Loan (the "Sison $84K Guaranty").⁸ At the same time as Sison, Siton executed a guaranty agreement with

---

² See Doc. 1, Pl.'s Orig. Compl. pp 1-2.

³ See Doc. 12, Def. Sison's Orig. Ans.

⁴ See Doc. 13, Defs.' Orig. Ans.

⁵ See Docs. 25 & 26, Pl.'s Mot. for Summ. J.

⁶ See Doc. 26-3, Ex. A-1 to Pl.'s Mot. for Summ. J., $84K Loan Promissory Note.

⁷ See id.

⁸ See Doc. 26-4, Ex. A-2 to Pl.'s Mot. for Summ. J., Sison $84K Guaranty.

2

Plaintiff for the $84K Loan (the "Siton $84K Guaranty").[9]

On July 16, 2015, Giva, Emedik, EHMB, EHMGMT, and HPT, entered into an agreement with Plaintiff and received a loan of $270,452.58 (the "$270K Loan").[10] Through Siton, Giva, Emedik, EHMB, EHMGMT, and HPT signed a promissory note memorializing the agreement.[11] On the same day, Sison executed a guaranty agreement with Plaintiff for the $270K Loan (the "Sison $270K Guaranty").[12] At the same time as Sison, Siton executed a guaranty agreement with Plaintiff for the $270K Loan (the "Siton $270K Guaranty").[13]

Both loans required the debtors to make regular payments and contained acceleration clauses in the event of a default.[14] The loans and guaranty agreements were originally made in favor of Plaintiff and have never been transferred, assigned, or conveyed to another party.[15] Plaintiff would not have entered into the $84K

---

[9] See Doc. 26-5, Ex. A-3 to Pl.'s Mot. for Summ. J., Siton $84K Guaranty.

[10] See Doc. 26-6, Ex. A-4 to Pl.'s Mot. for Summ. J., $270K Loan Promissory Note.

[11] See id.

[12] See Doc. 26-7. Ex. A-5 to Pl.'s Mot. for Summ. J., Sison $270K Guaranty.

[13] See Doc. 26-8, Ex. A-6 to Pl.'s Mot. for Summ. J., Siton $270K Guaranty; Doc. 26-16, Ex. G to Pl.'s Mot. for Summ. J., Siton's Resps. to Pl.'s 1st Amd. Request for Admis. Resp. No. 14.

[14] See Doc. 26-3, Ex. A-1 to Pl.'s Mot. for Summ. J., $84K Loan Agreement pp. 1-2; Doc. 26-6, Ex. A-4 to Pl.'s Mot. for Summ. J., $270K Loan Agreement pp. 1-2.

[15] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 5-6.

Loan Agreement and the $270K Loan Agreement without Sison and Siton's entering into the $84K Loan Guaranty and the $270K Loan Guaranty.[16] No payment has been made pursuant to either loan since at least July 18, 2017.[17]

On October 19, 2016, Plaintiff sent Defendants a "NOTICE OF DEFAULT, OPPORTUNITY TO CURE AND INTENT TO ACCELERATE" (the "Demand Letter").[18] The Demand Letter gave Defendants notice that they had defaulted and demanded cure and payment on or before 10:00 a.m. on October 31, 2016.[19] The Defendants failed to cure their defaults under the loans.[20] On November 1, 2016, Plaintiff sent Defendants a "NOTICE OF ACCELERATION" making the outstanding balances on the loans due in full.[21]

As of April 12, 2018, the outstanding amounts due on the $84K Loan are: (1) $42,105.24 in principal; (2) $2,467.89 in interest; (3) $1,592.85 in late charges; and (4) a per diem accrual of

---

[16] See id. ¶¶ 8-12.

[17] See Docs. 26-11, 26-12, 26-13, 26-14, 26-15, & 26-16, Exs. B, C, D, E, & F to Pl.'s Mot. for Summ. J., Defs.' Resps. to Pl.'s 1st Amd. Request for Admis. Resps. Nos. 16 & 18; Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶ 7.

[18] See Doc 26-20, Ex. I-2 to Pl.'s Mot. for Summ. J., Demand Letter.

[19] See id.

[20] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 8-12.

[21] See Doc. 26-21, Ex. I-3 to Pl.'s Mot. for Summ. J., Acceleration Letter p. 2.

$3.6842.[22] Also as of April 12, 2018, the amounts due on the $270K Loan are: (1) $219,914.99 in principal; (2) $17,109.08 in interest; and (3) a per diem accrual of $35.13.[23] As of May 1, 2018, Plaintiff's attorneys' fees totaled $40,130.80 and its expenses totaled $1,428.53.[24]

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

---

[22] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 8-12; Doc. 26-9, Ex. A-7 to Pl.'s Mot. for Summ. J., $84K Loan Obligation Payoff Doc.

[23] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 8-12; Doc. 26-10, Ex. A-8 to Pl.'s Mot. for Summ. J., $270K Loan Obligation Payoff Doc.

[24] See Doc. 26-18, Ex. I to Pl.'s Mot. for Summ. J., Aff. of Jason T. Rodriguez and Attached Exs.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). The movant may meet this burden by demonstrating an absence of evidence in support of one or more elements of the case for which the nonmovant bears the burden of proof. See Celotex Corp., 477 U.S. at 322; Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1074 (5th Cir. 1997). If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)). Notwithstanding the local rules, a party moving for summary judgment still has the burden of proving that no issue of material fact exists. Celotex, 477 U.S. at 323.

### III. Analysis

Plaintiff moves for summary judgment on all of its claims against all Defendants. Plaintiff's claims are for breach of the promissory notes and the guaranty agreements. Plaintiff has also filed a claim for its attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. None of the Defendants

6

have responded to Plaintiff's motion.[25]

A. **Breach of the Promissory Notes**

In Texas,[26] "[i]n order to recover on a promissory note, a plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note." PlainsCapital Bank v. Rogers, 715 Fed. Appx. 325, 329 (5th Cir. 2017) (quotations omitted) (citing Geiselman v. Cramer Fin. Grp., 965 S.W.2d 532, 536 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

Plaintiff has provided the promissory notes for the $84K Loan and the $270K Loan.[27] Plaintiff has shown that, through Siton, Giva signed the note for the $84K Loan and Giva, Emedik, EHMB, EHMGMT, and HPT signed the note for the $270K Loan.[28] Plaintiff has provided evidence that it has been the owner of the notes for their

---

[25] The Local Rules for the Southern District of Texas state that "[f]ailure to respond [to a motion] will be taken as a representation of no opposition." L.R. 7.4. The non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition. See L.R. 7.3, 7.4. Even if a party fails to oppose a dispositive motion, the court will not grant the motion without carefully considering the movant's arguments. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

[26] The court sits in diversity jurisdiction and no party has contested Plaintiff's use of Texas law. Accordingly, the court applies Texas law to this dispute.

[27] See Doc. 26-3, Ex. A-1 to Pl.'s Mot. for Summ. J., $84K Loan Promissory Note; Doc. 26-6, Ex. A-4 to Pl.'s Mot. for Summ. J., $270K Loan Promissory Note.

[28] See Doc. 26-3, Ex. A-1 to Pl.'s Mot. for Summ. J., $84K Loan Promissory Note; Doc. 26-6, Ex. A-4 to Pl.'s Mot. for Summ. J., $270K Loan Promissory Note.

entire existence.[29] Finally, Plaintiff has shown that certain balances are due on both notes.[30]

As Defendants have not responded to Plaintiff's motion, they have not provided any evidence contradicting Plaintiff's establishment of all four elements of its claim. Accordingly, summary judgment is appropriate against Giva on the promissory note for the $84K Loan, and against Giva, Emedik, EHMB, EHMGMT, and HPT on the promissory note for the $270K Loan.

**B.  Breach of the Guaranty Agreements**

In Texas, "in order to recover on a breach of guaranty agreement, the plaintiff must prove: (1) the existence and ownership of the guaranty agreement; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. Byrd v. Estate of Nelms, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied) (citing Escalante v. Luckie, 77 S.W.3d 410, 416 (Tex.App.-Eastland 2002, pet. denied)).

Plaintiff has shown the existence of four guaranty agreements

---

[29] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 5-6.

[30] See Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶¶ 8-12; Doc. 26-9, Ex. A-7 to Pl.'s Mot. for Summ. J., $84K Loan Obligation Payoff Doc;Doc. 26-10, Ex. A-8 to Pl.'s Mot. for Summ. J., $270K Loan Obligation Payoff Doc.

that were signed by Sison and Siton.[31] The guaranty agreements make Sison and Siton liable for the 84K Loan and the 270K Loan in the event of default.[32] Both loans are in default.[33] Plaintiff gave Sison and Siton notice of default in the Demand Letter and they have not performed their obligations to make payments on the loans.[34]

As Sison and Siton have not responded to Plaintiff's motion, they have not provided any evidence contradicting Plaintiff's establishment of all four elements of its claim. Accordingly, summary judgment is appropriate against Sison and Siton on Plaintiff's breach of the guaranty agreements claim.

**C. Recovery of Attorney's Fees**

In Texas, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written

---

[31] See Doc. 26-4, Ex. A-2 to Pl.'s Mot. for Summ. J., Sison $84K Guaranty; Doc. 26-5, Ex. A-3 to Pl.'s Mot. for Summ. J., Siton $84K Guaranty; Doc. 26-7, Ex. A-5 to Pl.'s Mot. for Summ. J., Sison $270K Guaranty; Doc. 26-8, Ex. A-6 to Pl.'s Mot. for Summ. J., Siton $270K Guaranty.

[32] See Doc. 26-4, Ex. A-2 to Pl.'s Mot. for Summ. J., Sison $84K Guaranty; Doc. 26-5, Ex. A-3 to Pl.'s Mot. for Summ. J., Siton $84K Guaranty; Doc. 26-7, Ex. A-5 to Pl.'s Mot. for Summ. J., Sison $270K Guaranty; Doc. 26-8, Ex. A-6 to Pl.'s Mot. for Summ. J., Siton $270K Guaranty.

[33] See Docs. 26-11, 26-12, 26-13, 26-14, 26-15, & 26-16, Exs. B, C, D, E, & F to Pl.'s Mot. for Summ. J., Defs.' Resps. to Pl.'s 1st Amd. Request for Admis. Resps. Nos. 16 & 18; Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶ 7.

[34] See Docs. 26-11, 26-12, 26-13, 26-14, 26-15, & 26-16, Exs. B, C, D, E, & F to Pl.'s Mot. for Summ. J., Defs.' Resps. to Pl.'s 1st Amd. Request for Admis. Resps. Nos. 16 & 18; Doc. 26-2, Ex. A to Pl.'s Mot. for Summ. J., Custodian of Records Aff. ¶ 7; Doc 26-20, Ex. I-2 to Pl.'s Mot. for Summ. J., Demand Letter.

contract." Tex. Civ. Prac. & Rem. Code § 38.001. Plaintiff's claims are for the breach of six contracts. Accordingly, Plaintiff may recover its reasonable attorney's fees of $40,130.80.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's motion.

**SIGNED** in Houston, Texas, this 24th day of October, 2018.

_____
U.S. MAGISTRATE JUDGE